**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARTIN J. CORTES,** | 1:17-CV-01562-LJO-EPG |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS (ECF No. 5)** |
| v. | |
| **J.P. MORGAN CHASE BANK, INC.,** | |
| **Defendant.** | |

## I. <u>INTRODUCTION</u>

Martin J. Cortes, ("Plaintiff" or "Cortes"), brings this lawsuit against J.P. Morgan Chase Bank, Inc., ("Defendant" or "Chase"). Plaintiff alleges that Defendant violated the California Homeowner Bill of Rights ("HBOR"), referencing California Civil Code Sections 2923.6(d) and (f). (ECF No. 1-2 at 8). Now before the Court is Defendant's unopposed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief that is plausible on its face. (ECF No. 5). For the reasons discussed below, this Court GRANTS WITH LEAVE TO AMEND Defendant's motion to dismiss.

1

## II. BACKGROUND

Plaintiff filed his initial complaint on September 26, 2017 from San Quentin State Prison, alleging only that Chase violated California's HBOR statutes §§ 2923.6(d) and (f), seeking relief in the form of $300,000 or the return of an undescribed piece of property. (ECF No. 1-2 at 8). Defendant received the complaint on October 23, 2017, and removed it to this Court on November 21, 2017, pursuant to 28 U.S.C. §§ 1441 and 1446(b). (ECF No. 1 at 2). On November 28, 2017 Defendant filed a motion to dismiss. (ECF No. 5). On December 12, 2017, Defendant's service was returned as undeliverable. (ECF No. 7). On December 19, 2017, Plaintiff notified Defendant of a change of address to a residence in Modesto, California ("Modesto address"). (ECF No. 8 at 2). On December 27, 2017, Defendant served Plaintiff by sending the motion to dismiss by certified mail to the Modesto address. (ECF No. 10 at 1-2). On January 17, 2018, Defendant's service by mail was returned as undeliverable. (ECF No. 12). On January 17, 2018, Plaintiff notified Defendant of a change of address, again listing the Modesto address. (ECF No. 13 at 1). On January 19, 2018, Plaintiff was served by certified mail for a second time. (ECF No. 13). On January 26, 2018, service was returned as undeliverable.[1] *Id*. On February 13, 2018, the Court issued an order notifying Plaintiff that he was permitted ten days to respond to Defendant's motion to dismiss, or the Court would rule on the motion. (ECF No. 14). To date, Plaintiff has not filed any response to Defendant's motion.

## III. STANDARD OF DECISION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of

---

[1] Pursuant to Local Rule 183, parties "appearing *in propria persona* are required to keep the Court and opposing parties advised as to his or her current address."

2

material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." *Id*. A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Id.* at 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id*. at 562. To the extent that any defect in the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

A pro se plaintiff must satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a).

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, must be dismissed if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also* Fed. R. Civ. P. 12(b)(6). Dismissal is thus appropriate based either on the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699.

## IV. **ANALYSIS**

As discussed above, the Plaintiff's only allegation is that Defendant violated California's Homeowner's Bill of Rights pursuant to California Civil Code §§ 2923.6(d) and (f). (ECF No. 1-2 at 8).

"Section 2923.6 prohibits 'dual tracking,' in which a lender proceeds with the foreclosure process while reviewing a loan modification application." *Willis v. JPMorgan Chase Bank, N.A.*, 250 F. Supp. 3d 628, 631 (E.D. Cal. 2017); *see* Cal. Civ. Code § 2923.6(c). "If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer . . . shall not record a notice of default, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). Section 2923.6(d) provides that, "[i]f the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error." Section 2923.6(f) requires lenders to "send a written notice to the borrower identifying the reasons for denial." Written notice to the borrower for the denial of a loan modification application must include the following:

> (1) The amount of time from the date of the denial letter in which the borrower may request an appeal of the denial of the first lien loan modification and instructions regarding how to appeal the denial.
> (2) If the denial was based on investor disallowance, the specific reasons for the investor disallowance.
> (3) If the denial is the result of a net present value calculation, the monthly gross income and property value used to calculate the net present value and a statement that the borrower may obtain all of the inputs used in the net present value calculation upon written request to the mortgage servicer.
> (4) If applicable, a finding that the borrower was previously offered a first

4

> lien loan modification and failed to successfully make payments under the
> terms of the modified loan.
> (5) If applicable, a description of other foreclosure prevention alternatives
> for which the borrower may be eligible, and a list of the steps the borrower
> must take in order to be considered for those options. If the mortgage
> servicer has already approved the borrower for another foreclosure
> prevention alternative, information necessary to complete the foreclosure
> prevention alternative.

California Civil Code § 2923.6(f)

Here, Plaintiff has failed to allege facts that would allow a court to find that Defendant has violated the HOBR. Section 2923.6 concerns (1) homeowners (2) who have applied for a loan modification (3) prior to a lender foreclosing on that property. In his complaint, Plaintiff fails to provide an address for the property in dispute, or allege that the property is a home that would fall within the HOBR statutes. Plaintiff also fails to allege that he has ever applied for a loan modification—an essential ingredient for a Section 2923.6 claim. Plaintiff's complaint contains only the barest legal conclusion, devoid of any factual allegations. *Iqbal*, 556 U.S. 662, 678-79 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions . . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). The Court infers from the complaint that Defendant foreclosed on Plaintiff's real property, but without more factual details, the Court cannot discern whether Plaintiff has any legal claim. To the extent that Plaintiff is alleging a cause of action for a violation of California's Home Owner's Bill of Rights pursuant to California Civil Code § 2923.6, Plaintiff has not alleged this claim with the minimal detail required by Fed. R. Civ. P. 8(a) to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss.

## V. CONCLUSION AND ORDER

For the reasons set forth above, Plaintiffs' potential claim fails as matter of law. This Court has been very generous in giving Plaintiff time to file a response to Defendant's motion, and as of yet, none has ever been presented to this Court. However, pursuant to Federal Rule of Civil Procedure 15, this

5

Court "should freely give leave [to amend] when just so requires." In an abundance of caution, because this Court recognizes that Plaintiff is proceeding pro se, and because it is not apparent from the face of the complaint that his claim is legally precluded, the Court will allow Plaintiff one opportunity to amend his complaint. Accordingly, Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND. Any amended complaint shall be filed within 15 days of this order. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed with prejudice.

IT IS SO ORDERED.

Dated: **March 7, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE